The defendant, Michael J. Fundalewicz, was convicted of assault and battery arising out of his attack on the mother of his son in the home they all shared.[2] Finding no error in the prosecutor's closing argument, we affirm.
The defendant's cross-examination of the victim began with an elicitation of the length and "contentious" nature of the litigation between the defendant and the victim regarding parental rights to the son. In closing argument, defense counsel returned to this theme:
"We know that this has been a very contentious custody, that they continue, 13 months later, to be in the probate court as recent as last Monday, battling out the issues involving [the son], that this has been a contentious custody battle. And I suggest to you that that is her motivation. Her motivation is to make sure that she gets custody of [the son] and not [the defendant]. And that is significant motivation for her to fabricate-to come here today and fabricate the story."
Counsel returned to this theme at the end of his argument, stating, "[I]t did immediately turn into a contentious custody battle and [the victim] saw the opportunity to gain the upper hand in the custody battle and made up these allegations of abuse."
In her closing argument, the prosecutor addressed this argument:
"What about the Defendant's testimony? The Judge is going to instruct you that one of the things you can consider is whether or not someone has a stake in the case. Who has more of a stake in the case than the Defendant right now? As he sits in the chair, he has more motivation to lie to you than anyone. And I would note he's also going through a custody battle. He's also motivated to get custody of that child. She's no more motivated than he is in that regard."
As there was no objection, the claim that this argument was error is waived, and we consider only whether, if we find error, there was a substantial risk of a miscarriage of justice. See Commonwealth v. Rivera, 91 Mass. App. Ct. 796, 801 (2017). There was no error.
A prosecutor may argue that a testifying defendant has an "interest in the outcome of a case" based on the fact that he is the defendant, "but the argument must be understated and approached cautiously." Commonwealth v. Niemic, 472 Mass. 665, 674, 675 (2015). Accord Commonwealth v. Ortega, 441 Mass. 170, 181 n.19 (2004). Here, however, the prosecutor's argument was not based solely on the fact that the defendant was on trial, but on his interest in the probate proceedings that had been extensively discussed by the defense, both in cross-examination and in closing argument. The prosecutor was entitled to rebut the defendant's claim that the victim was lying to gain advantage in the probate litigation by arguing that the defendant had the same or greater motive to lie. Accordingly, there was no error.
Judgment affirmed.

The attack occurred on July 11, 2014, less than one month before the enactment of G. L. c. 276, § 56A, inserted by St. 2014, c. 260, § 30, and the amendment of G. L. c. 265, § 13M, as appearing in St. 2014, c. 260, § 23.